**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

YELLOW CAB COMPANY OF
ORLANDO, INC.,

      Plaintiff,

vs.                                                    CASE NO. 8:12-CIV-1910-T-17-MAP

CELEBRATION TRANSPORTATION,
INC., etc.,

    Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

      This cause is before the Court on the report and recommendation (R&R) issued by

Magistrate Judge Mark A. Pizzo on January 28, 2013 (Doc. 29).  The magistrate judge

recommended that a) the Court enter judgment by default in favor of the plaintiff and against

the defendant in the amount of $57,200.70; b) the Court enjoin the defendant from: (1)

imitating, using, and displaying any mark the same as or so resembling plaintiff's Yellow Cab

Mark so as to be likely to cause confusion; (2) using any false representation or any other

thing calculated to cause consumer confusion with regard to Yellow Cab or the Yellow Cab

Mark in the Central Florida area; and (3) using in its advertising or in furtherance of its

commerce in the Central Florida area any telephone number so similar to Yellow Cab's

number, (407) 422-2222, that it will likely cause consumer confusion; and c) defendant

should be required to provide plaintiff with all account administration, authorization, and

information it possesses concerning the telephone number (407) 222-2222 as needed to

enable the telecommunications provider to transfer the telephone number to plaintiff or

plaintiff's designees.  If transfer is not possible, the defendant should be required to provide

plaintiff with the information necessary to terminate the telephone number and to cooperate

with plaintiff in dealing with the telecommunications provider to accomplish these tasks.

Finally, the magistrate judge recommended that the plaintiff be awarded $62,066.80 in

attorney's fees and $828.00 in costs.

Pursuant to Rule 6.02, Rules of the United States District Court for the Middle District

of Florida, the parties had fourteen (14) days after service to file written objections to the

proposed findings and recommendations, or be barred from attacking the factual findings on

appeal. No timely  objections to the report and recommendation were filed.

## STANDARD OF REVIEW

When a party makes a timely and specific objection to a finding of fact in the report

and recommendation, the district court should make a de novo review of the record with

respect to that factual issue.  28 U.S.C. § 636(b)(1); **U.S. v. Raddatz**, 447 U.S. 667 (1980);

**Jeffrey S. v. State Board of Education of State of Georgia**, 896 f.2d 507 (11th Cir. 1990).

However, when no timely and specific objections are filed, case law indicates that the court

should review the findings using a clearly erroneous standard.  **Gropp v. United Airlines,**

**Inc.,** 817 F.Supp. 1558, 1562 (M.D. Fla. 1993).

The Court has reviewed the report and recommendation and made an independent

review of the record.  Upon due consideration, the Court concurs with the report and

recommendation.  Accordingly, it is

ORDERED that the report and recommendation, January 28, 2013 (Doc. 29)  be

**adopted** and **incorporated by reference**; the motion for default judgment (Doc. 15) be

**granted**; the Clerk of Court is directed to enter judgment by default in favor of the plaintiff

and against the defendant in the amount of $57,200.70; the defendant is enjoined from:

(1) imitating, using, and displaying any mark the same as or so resembling plaintiff's Yellow Cab Mark so as to be likely to cause confusion;

(2) using any false representation or any other thing calculated to cause consumer confusion with regard to Yellow Cab or the Yellow Cab Mark in the Central Florida area; and

(3) using in its advertising or in furtherance of its commerce in the Central Florida area any telephone number so similar to Yellow Cab's number, (407) 422-2222, that it will likely cause consumer confusion;

the defendant is required to provide plaintiff with all account administration, authorization,

and information it possesses concerning the telephone number (407) 222-2222 as needed to

enable the telecommunications provider to transfer the telephone number to plaintiff or

plaintiff's designees (if transfer is not possible, the defendant must provide plaintiff with the

information necessary to terminate the telephone number and to cooperate with plaintiff in

dealing with the telecommunications provider to accomplish these tasks); and the plaintiff is

awarded $62,066.80 in attorney's fees and $828.00 in costs.  The Clerk of Court is directed to enter judgment for the defendant and against the plaintiff, to close the case and terminate any pending motions.

      **DONE and ORDERED** in Chambers, in Tampa, Florida, this 22nd day of February, 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record
Assigned Magistrate Judge