UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YELLOW CAB COMPANY OF
ORLANDO, INC.,

    Plaintiff,

v.                                          Case No.:  8:12-CV-1910-T-17MAP

CELEBRATION TRANSPORTATION, INC.,
d/b/a CELEBRATION TAXI and d/b/a
THE YELLOW CAB COMPANY,

    Defendant.

_____

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's second motion for sanctions and contempt (doc. 55), which the District Judge has referred to me.  Defendant has not responded to the motion, and the time to do so has passed.  *See* L.R. 3.01(b), M.D. Fla.  I held a show cause hearing on September 30, 2014.  *See Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991) (due process requires the court provide the alleged contemnor of the contemptuous conduct and provide a hearing).  Jose Valdez, Defendant's chief executive officer, appeared at the hearing for Defendant.  Defendant is not represented by counsel, despite the Court's numerous admonishments that a corporation is not permitted to represent itself (docs. 17, 54, 57).[1]  *See* L.R. 2.03(e), M.D. Fla.

Upon consideration of the record, I recommend that Plaintiff's motion be granted and

---

[1] Before the hearing, Valdez twice represented to the Court that the matter had been resolved.  The night before the hearing, he called to inform the Court that the parties had settled.  Then, immediately before the hearing, Valdez made the same representation to a member of my staff.  Plaintiff denied that the parties settled.

Plaintiff be awarded its attorney's fees and costs in bringing both the instant motion and its previous contempt motion (doc. 42). I also recommend that non-party Jose Valdez be incarcerated if he does not comply with the Court's injunction, for the reasons stated below.

*A.    Background*

This is an action for trademark infringement. Plaintiff and Defendant are both Florida-based companies that provide taxi services to customers in the Orlando area. By way of procedural history, in February 2013, the District Judge adopted my Report and Recommendation and entered an Amended Order granting Plaintiff a default judgment (doc. 31). At that point, the Court also permanently enjoined Defendant from:

> (1)  imitating, using, and displaying any mark the same as or so resembling plaintiff's Yellow Cab Mark so as to be likely to cause confusion;
> (2)  using any false representation or any other thing calculated to cause consumer confusion with regard to Yellow Cab or the Yellow Cab Mark in the Central Florida area; and
> (3)  using in its advertising or in furtherance of its commerce in the Central Florida area any telephone number so similar to Yellow Cab's number, (407) 422-2222, that it will likely cause consumer confusion.

(*Id*. at 3). The Court also directed Defendant "to provide plaintiff with all account administration, authorization, and information it possesses concerning the telephone number (407) 222-2222 as needed to enable the telecommunications provider to transfer the telephone number to plaintiff or plaintiff's designee." (*Id*.)

Only after the District Court entered judgment against it did Defendant retain counsel. Defendant timely appealed the District Judge's Amended Order and, in its appellate case, filed a motion to stay the application of the injunction (docs. 33, 34, 43). In the meantime, while the appeal was pending, Plaintiff filed a motion for contempt with the District Judge based on Defendant's failure to abide by the Court's injunction (doc. 42). Specifically,

Defendant was continuing to use the telephone number (407) 222-2222 and had even registered the domain name of www.orlandotaxi407-222-2222.com to promote its business. The District Judge granted Plaintiff's contempt motion, finding Defendant in contempt of the Court's Amended Order, and directed Plaintiff to re-file its request for sanctions once the Eleventh Circuit ruled on Defendant's motion to stay (doc. 50).  On June 25, 2014, the Eleventh Circuit affirmed the District Judge's Amended Order and dismissed as moot Defendant's motion to stay (doc. 51).  Shortly afterwards, defense counsel moved to withdraw (doc. 53).  I granted this request on August 20, 2014, with the direction that Defendant retain new counsel within 10 days (doc. 54).  It has not done so.

This brings us to the instant motion.  Plaintiff now seeks a second order holding Defendant in contempt of both the injunction (which has now been affirmed on appeal) and the Court's first contempt order (doc. 55).  Specifically, Plaintiff contends Defendant has violated the Court's orders by continuing to use the telephone number (407) 222-2222 in its internet advertising, among other things.[2]  Plaintiff seeks both attorney's fees and costs and the coercive sanction of incarceration against Valdez, whom it alleges acted in concert with Defendant to violate the Court's orders.[3]

In support of its motion, Plaintiff proffered the affidavits of Daniel Ford and Todd Watson (doc. 55, exhibits B-C).  Both individuals also testified at the hearing before me.

---

[2] Plaintiff's motion for contempt and sanctions is limited to Defendant's continued use of (407) 222-2222 and not to Defendant's use of Plaintiff's marks.

[3] I take judicial notice of the fact that, according to the Florida Department of State, Division of Corporations, Valdez is Defendant's registered agent and CEO, and Defendant's business operates out of Valdez's home.  *See* Fed. R. Evid. 201 (regarding judicial notice).

Ford is Plaintiff's in-house counsel. He has visited Defendant's websites numerous times since the Court issued the injunction and the District Judge held Defendant in contempt, most recently the day before the show cause hearing. Specifically, since the Court's first contempt order, Defendant has been using the domain name www.taxiorlando407-222-2222.com (doc. 55, ex. B at 2).[4] In addition to displaying the telephone number in the web address itself, the page prominently displays the number across the top of the screen (hrg. ex. 1). The "About Us" section of the website lists three other domain names and includes links to these sites (www.celebrationtaxi.com, www.shuttlesaver.com, and www.orlandotaxicab.com) (hrg. ex. 2). On two of these links, the number (407) 222-2222 is displayed (hrg. ex. 3, 4). In fact, at www.celebrationtaxi.com, the number is not only written across a banner at the top of the screen, a customer can click an icon to call or text the number directly from the website (hrg. ex. 3).

Ford also recently discovered that one of the links on Defendant's website (www.orlandotaxicab.com) lists the telephone number (407) 399-9999 (hrg. ex. 5). This number is one digit different from another telephone number Plaintiff uses.[5] Ford testified that Defendant has recently started using this alternate number on some of its websites and on a Facebook page since the Court's injunction and first contempt order (hrg. ex. 6).

Watson is a frequent customer of Plaintiff's. He testified to an incident on August

---

[4] The evidence shows that Defendant was using www.orlandotaxi407-222-2222.com until the first contempt order but switched to www.taxiorlando407-222-2222.com sometime thereafter.

[5] That number is (407) 699-9999. According to Ford, when customers call this alternate number, they are automatically re-directed to Plaintiff's primary number, (407) 422-2222.

9, 2014, the date of his wife's birthday party, when he mis-dialed Plaintiff's telephone number by one digit (he mistakenly dialed Defendant's number) (*see* doc. 55, ex. C at 1-2). The operator answered, "Yellow Cab," leading Watson to believe he had called Plaintiff's business (*id*.). Watson asked for a cab to take him to his wife's party in downtown Orlando. The cab never came. After calling back multiple times and confirming his address multiple times, Watson gave up and drove himself to the party.

In further support of its motion, Plaintiff offered the testimony of Christopher Earl, one of Plaintiff's employees. On October 8, 2013, after the Court issued the injunction but before the first contempt order, he saw one of Defendant's taxis traveling on an Orlando freeway with (407) 222-2222 written in large lettering on its rear door. He took a picture of the taxi and reported it to Ford (hrg. ex. 7). Finally, Plaintiff submitted the affidavit of its counsel, who attested to $21,724.18 in attorney's fees and $80 in costs related to its contempt motions (doc. 59).

Valdez responded to the allegations of contempt by stating he believed his counsel had resolved the matter with Plaintiff. He did not produce evidence of a settlement and, when pressed, admitted neither he nor Defendant had counsel. He also attempted to dispute the merits of the underlying trademark case. The Eleventh Circuit has affirmed the District Court's judgment in Plaintiff's favor; Valdez is estopped from asserting any defense to the merits of the underlying case. Valdez did not contend either that he had made efforts to comply with the injunction or that he did not have notice of the Court's orders.[6]

---

[6] The docket sheet for the case indicates that Defendant was sent a copy of every order "c/o Jose Valdez," at Valdez's home address.

*B.     Analysis*

Courts have the power to enforce their lawful orders through civil contempt. *See Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d at 1301 (citation omitted). "In the Eleventh Circuit, the party moving for contempt bears the burden of establishing by 'clear and convincing' evidence that the underlying order was violated." *Fed. Trade Comm. v. RCA Credit Servs., LLC*, No. 8:08-cv-2062-T-27MAP, 2012 WL 11406549, at *1 (M.D. Fla. Mar. 20, 2012) (*citing Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990)). The moving party must demonstrate: (1) the order allegedly violated was valid and lawful; (2) the order was clear, definite, and unambiguous; and (3) the party to be held in contempt had the ability to comply with the order. *McGregor v. Chierco*, 206 F.3d 1378, 1383 (11th Cir. 2000) (citation omitted). If the moving party makes this showing, the burden shifts to the responding party to produce evidence explaining his noncompliance. *Diamond Heads, LLC v. Everingham*, No. 8:07-cv-462-T-33TBM, 2011 WL 833986, at *3 (M.D. Fla. Jan. 28, 2011). "That party must demonstrate an inability to comply with the court's order by showing that he has made in good faith all reasonable efforts to comply." *Id*. (*citing Citronelle-Mobile*, 943 F.2d at 1301).

Due process requires that the court inform the alleged violator of his contemptuous conduct and conduct a hearing to permit the violator to explain why the court should not hold him in contempt. *Id*. What is more, a non-party may be held in contempt of a court's order if the non-party violated the order in active concert with a named party and had actual notice of the prohibited conduct. *See GMBH & Co. KG v. Vlanco Indus.*, 992 F. Supp. 2d 1225, 1233 n.2 (S.D. Fla. 2014) (*citing* Fed. R. Civ. P. 65).

With this in mind, based on the evidence Plaintiff produced in support of its motion (and in accordance with 28 U.S.C. § 636(e)(6)(B)), I certify the following facts in support of the conclusion that Defendant, working in active concert with Valdez, has continued to use the telephone number (407) 222-2222 in promoting its business in violation of the injunction and the Court's first contempt order (docs. 31, 50). Valdez concedes as much although he claims he only did so because Plaintiff has a monopoly on the taxi business in Orlando and he is just trying to feed his family. As for whether Defendant's use of (407) 399-9999 (a number one digit different from another telephone number used by Plaintiff) violates the injunction, I find there is insufficient evidence to support this claim on the current record. At this point, Plaintiff only has an injunction as to (407) 222-2222.

Plaintiff's exhibit 1 is a series of screen shots from www.taxiorlando407-222-2222.com. This website is associated with Defendant: Plaintiff's Exhibit 2 shows that on the "About Us" link on the site, under the number (407) 222-2222, is the heading "Who We Are." Three websites are listed: www.celebrationtaxi.com, www.orlandotaxicab.com, and www.shuttlesaver.com. From the "Who We Are" section, you can click on the link to Defendant's main website – www.celebrationtaxi.com – and the number (407) 222-2222 is prominently displayed across the top of the screen (hrg. ex. 3). Customers using the site are given the option of calling, texting, or emailing their request for a cab directly from the website (*Id.*). The number is featured prominently at the top of every page on www.celebrationtaxi.com. At www.shuttlesaver.com, the number is again displayed at the top of the page (hrg. ex. 4).

These websites have continued using the number (407) 222-2222 after the injunction

and even after the Court's first contempt order. What is more, the number is obviously being used to promote Defendant's business. There is also evidence that customers continue to call (407) 222-2222 thinking they are contacting Plaintiff, when in fact they are contacting Defendant (doc. 55, ex. B). The evidence demonstrates that Defendant continues to identify itself as Yellow Cab over the phone and that Defendant's taxi services are sub-standard (doc. 55, ex. C).

Defendant, on the other hand, has not offered any evidence that it has attempted in good faith to comply with the injunction. Instead, what the evidence reveals is a misguided attempt to evade it. I am convinced that Defendant started using www.orlandotaxi407-222-2222.com after the injunction (which prohibited Defendant from using the number in its own advertising as Celebration Taxi) and then switched to www.orlandotaxi407-222-2222.com once the Court found this behavior to be in contempt of the injunction (*see* docs. 42, 55). As detailed above, all of these websites are associated with Defendant and Valdez. Valdez essentially admitted to this behavior but claimed that he thought his business model was legal because "that is how you do it in New York and Miami." Defendant has not demonstrated an inability to comply. Although Defendant (through Valdez) apparently attempted to resolve the matter with Plaintiff before the show cause hearing, I cannot possibly find from this one fact that Defendant has made *all* reasonable efforts to comply with the injunction.

In sum, there is clear and convincing evidence that post-injunction, Defendant and Valdez used the telephone number (407) 222-2222 in advertising and promoting their business. By Watson's and Ford's accounts, Defendant's continued use of the telephone number has hurt Plaintiff's reputation and deprived it of business. Defendant's conduct in

this regard reveals that the violation is willful. Similarly, Valdez knew of the injunction and the contempt order and, through Defendant, repeatedly violated it up to the date of the show cause hearing.

I am also convinced that, in another attempt to confuse Plaintiff's customers and take business intended for Plaintiff, Defendant has started using (407) 399-9999, which very closely resembles Plaintiff's alternate number (hrg. ex. 5, 6). That being said, it is impossible to conclude by clear and convincing evidence that Defendant's use of (407) 399-9999 violates the injunction, because the injunction only applies to (407) 222-2222.

Because Defendant has continued to offer and promote its services in a manner which the Court prohibited, Plaintiff asks for the Court to impose sanctions in the form of attorney's fees and costs against Defendant and in the form of incarceration against Valdez. Plaintiff points out that Defendant has not paid anything toward the outstanding judgment against it and has taken no steps to comply with the injunction, a flagrant disregard of Court orders that suggests compensatory damages will not be enough to deter the behavior and ensure compliance.

### C. *Contempt Authority and Recommendations*

Contempt authority is provided to the federal courts under 18 U.S.C. § 401. In pertinent part, the statute states:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and non other, as –
> (1) . . .
> (2) . . .
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401. With regard to damages, the district court's authority includes "numerous

options," including "a daily coercive fine, a compensatory fine, [attorney's fees and expenses], and coercive incarceration." *Citronelle-Mobile*, 943 F.2d at 1304. "In establishing the amount to impose, the court must consider several factors, including the character and magnitude of the harm threatened by continued contumacy, the probable effectiveness of any suggested sanction in bringing about compliance, and the amount of the contemnor's financial resources and consequent seriousness of the burden to him." *Diamond Heads, LLC*, 2011 WL 833986, at * 6 (*quoting Matter of Trinity Indus., Inc.*, 876 F.2d 1485, 1493-94 (11th Cir. 1989)).

With this in mind, and upon consideration, I recommend that the Court affirm the findings of fact herein and make a second finding of contempt. As for appropriate sanctions, I recommend that Valdez be ordered to serve a period of twenty (20) days' incarceration. I further recommend that the incarceration be suspended on the condition that Defendant and Valdez, within fourteen (14) days from the date of the Order, comply with the injunction by deleting from all of his businesses' websites, including www.celebrationtaxi.com, www.shuttlesaver.com, www.taxiorlando407-222-2222.com, www.orlandotaxi407-222-2222.com, and www.orlandotaxicab.com, and from all other promotional materials, including the taxis themselves, all references to (407) 222-2222; and also within fourteen (14) days from the date of the Order, that Defendant provide Plaintiff with all account administration, authorization, and information it possesses concerning the telephone number (407) 222-2222 as needed to enable the telecommunications provider to transfer the telephone number to Plaintiff or Plaintiff's designees. If transfer is not possible, the Defendant should be required to provide plaintiff with the information necessary to terminate

the telephone number and to cooperate with plaintiff in dealing with the telecommunications provider to accomplish these tasks. *See S.E.C. v. Yun*, 208 F. Supp. 2d 1279, 1288 (M.D. Fla. 2002) (holding defendant in contempt but issuing conditional order permitting defendant to avoid incarceration if she purges her contempt).

Further, I recommend that Defendant be ordered to pay Plaintiff's attorney's fees and costs associated with bringing both of its contempt motions. I have reviewed the affidavit and invoices submitted by Plaintiff's counsel and find both the hours worked and the hourly rates to be reasonable.[7] Therefore, I recommend that the Court order Defendant to pay $21,644.18 in attorney's fees and $80 in costs.

*D.    Conclusion*

For the reasons stated, it is hereby RECOMMENDED:

(1)    Plaintiff's second motion for contempt (doc. 55) be GRANTED;

(2)    That the Court affirm the findings of fact contained herein;

(3)    That the Court make a second finding of contempt; and

(4)    That the Court impose sanctions against Defendant and Valdez as set forth above.

---

[7] This amount Plaintiff requests in fees represents 1.2 hours of work by partner Virginia Townes compensated at the rate of $491.81 per hour; 37.6 hours of work for partner Carrie Ann Wozniak compensated at the rate of $353.79 per hour; 15.9 hours of work by partner Michael Dixon compensated at the rate of $441.26 per hour; and 3.0 hours of work by associate Joshua Mize compensated at the rate of $245 per hour. I find this calculation to be reasonable. *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (court itself is an attorneys' fees expert and may consider its own knowledge and experience concerning reasonable and proper fees).

IT IS SO REPORTED in Tampa, Florida on October 8, 2014.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).