UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YELLOW CAB COMPANY OF
ORLANDO, INC.,

    Plaintiff,

v.                                           Case No.: 8:12-CV-1910-T-17MAP

CELEBRATION TRANSPORTATION, INC.,
d/b/a CELEBRATION TAXI and d/b/a
THE YELLOW CAB COMPANY,

    Defendant.
_____/

## ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION

This cause is before the Court on the Report and Recommendation (R&R) Magistrate Judge Mark A. Pizzo issued October 8, 2014. (Doc. 61). Magistrate Judge Pizzo recommended the Court grant Plaintiff's Second Motion for Sanctions and Contempt based on Defendant's failure to comply with the Court's injunctive order and first contempt order. (Doc. 55). Defendant never retained legal counsel and Defendant's CEO Jose Valdez continued to appear in Court on behalf of Defendant despite the Court's numerous warnings to the contrary. Defendant did not file objections to the R&R, and Plaintiff provide notices of further violations in October and December. While Defendant is not a pro se entity, this Court conducted a hearing January 21, 2015—an effort to provide Defendant every opportunity to respond to both the Second Motion for Sanctions and the R&R. For the reasons stated below, the Court **ADOPTS in PART** the R&R.

## **STANDARD OF REVIEW**

When a party makes a timely and specific objection to a finding in a report and recommendation—whether factual or legal in nature—the district court should make a de novo review of the record with respect to that issue.  28 U.S.C. § 636(b)(1); U.S. v. Raddatz, 447 U.S. 667 (1980); Jeffrey S. v. State Board of Education of State of Georgia, 896 F.2d 507 (11th Cir. 1990).  "The district judge may consider arguments not presented to the magistrate judge" when considering objections.  Charlebois-Deubler v. Prudential Ins. Co. of America, 2013 WL 980260 (M.D. Fla. 2013) (citing Stephens v. Tolbert, 471 F.3d 1173, 1174 (11th Cir. 2006)).

## **DISCUSSION**

While Defendant did not file timely objections, the R&R considered the imposition of incarceration, and Mr. Valdez informed the Court his company was on the brink of bankruptcy and he lacked the financial ability to secure legal counsel.  Therefore, while unconventional, this Court construed liberally Mr. Valdez' representations during the January 21, 2015, hearing as Defendant's objections to the R&R.

At that hearing, Mr. Valdez informed the Court he was in the process of removing all websites and information that would result in confusion and, therefore, violation of the Court's orders.  Mr. Valdez stated to the extent he was able, he would coordinate with Plaintiff's counsel upon the discovery of additional sites to which Mr. Valdez was allegedly unaware.  Mr. Valdez finally objected to relinquishing the number (407) 222-2222 to Plaintiff, despite the Court's previous orders.  Instead, Mr. Valdez stated he would endure incarceration before transferring the number to a corporation he deemed had no legal claim to the number, despite the procedural posture and this Court's legal findings.

Upon considerable and persistent discussion between the parties and the Court, Mr. Valdez relented, and stated he would personally forfeit ownership of the number, but he would not transfer the number to Plaintiff. The Court, seeking to enforce the essence of previous orders—and mindful of both Defendant's and Mr. Valdez' lack of legal counsel—reconsidered the injunctive relief, and determined that although Plaintiff would not own the number, if Mr. Valdez forfeited the number, the crux of the injunctive relief would be resolved—Defendant could not use the (407) 222-2222 number to conduct business resulting in confusion and, therefore, the infringement would cease.

After Mr. Valdez forfeited the number to Plaintiff's counsel's satisfaction, Magistrate Judge Pizzo presided over Mr. Valdez' deposition, in which Plaintiff's counsel ascertained Mr. Valdez' and Defendant's financial condition. On February 11, 2015, Plaintiff notified the Court it would not seek monetary sanctions against Defendant and Mr. Valdez due to the unlikelihood of recovery and in the interest of judicial economy and the expenditure of future resources. (Doc. 84 at ¶3).

Accordingly, it is **ORDERED** that the Report and Recommendation, (Doc. 61), is **ADOPTED in PART and INCORPORATED by REFERENCE** consistent with this Order. The Court **AFFIRMS** the findings of fact, **ADJUDGES** a second finding of contempt, and imposes sanctions as suggested, with the exception of monetary sanctions. Defendant forfeited the number, and Plaintiff no longer seeks monetary sanctions. Therefore, Mr. Valdez is **ORDERED** to serve a period of twenty (20) days' incarceration, suspended on the condition that Defendant and Valdez, within fourteen (14) days from the date of this Order, comply with the injunction by deleting any and all references to the number (407) 222-2222 from Defendant's and Mr. Valdez' websites, including, <u>but not limited to:</u>

www.shuttlesaver.com; www.taxiorlando407-222-2222.com; www.orlandotaxi407-222-2222.com; www.orlandotaxicab.com; www.celebrationtaxi.com; and any other websites, social media pages, and promotional materials—including the company taxis. The Court has given great consideration to Defendants' and Mr. Valdez' financial condition; Defendant and Mr. Valdez are cautioned to meticulously comply with this Court's Order.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 24th day of March, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record
Assigned Magistrate Judge